Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to 55 Broadway Associates, LLC
and EAR 55 Broadway, LLC
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 11
COWORKRS 55 BROADWAY, LLC,                                Case No. 23-44307 (ESS)

                    Debtor.
---------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER VACATING THE AUTOMATIC
STAY WITH RESPECT TO LANDLORD'S INTERESTS, RIGHTS AND
REMEDIES IN AND TO CERTAIN NON-RESIDENTIAL REAL PROPERTY
<u>LOCATED AT 55 BROADWAY, NEW YORK, NEW YORK</u>**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

   55 Broadway Associates, LLC and EAR 55 Broadway, LLC (together, the "Landlord"), by and through their undersigned counsel, as and for their motion (the "Motion") for entry of an Order, pursuant to §362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) vacating the automatic stay as to the Landlord's interests, rights and remedies in and to certain non-residential real property located at 55 Broadway, New York, New York presently occupied by debtor CoWorkrs 55 Broadway LLC (the "Debtor"); and (b) waiving the fourteen (14) day stay of enforcement of the Order granting such relief under Bankruptcy Rule 4001(a)(3), respectfully represents and alleges as follows:

## BACKGROUND

1. On or about April 22, 2015, the Landlord and the Debtor entered into a written lease agreement (as amended from time to time, the "Lease") with respect to the entire mezzanine level, a portion of the third floor known as Suite 301, the entire fourth floor known as Suite 400, and the entire seventh floor owned by the Landlord within the building located at 55 Broadway, New York, New York (collectively, the "Premises").

2. The Debtor failed to remain current with regard to its payment obligations to the Landlord under the Lease. In August 2022, the Debtor and the Landlord entered into a Stipulation of Settlement, a copy of which is attached hereto as *Exhibit "A"* (the "Settlement Stipulation"), pursuant to which, among other things:

(a) The Debtor acknowledged that the amount of $676,900.25 (the "Arrears") in rent and additional rent were due and owing in connection with the Premises through May 2022;

(b) The Landlord agreed to accept rent from the Debtor for (i) June, July and August 2022, in the amount of $ 120,000 per month and (ii) September, October and November 2022 in the amount of $150,000 per month, with the balance owed under the Lease for these months being deferred pursuant to the Fifth Amendment (as that term is defined below);

(c) The Landlord agreed to conditionally waive the Arrears, subject to, inter alia, the Debtor's full, complete, and timely compliance with the terms of the Settlement Stipulation and the Fifth Amendment (as that term is defined below);

(d) The Lease was conditionally-terminated, subject to, inter alia, the Debtor's full, complete, and timely compliance with the terms of the Settlement Stipulation and the Fifth Amendment (as that term is defined below);

(e) The Landlord and the Debtor agreed to execute a Fifth Amendment to Lease (the "Fifth Amendment," a copy of which is annexed as Exhibit "B" to the Settlement Stipulation), modifying the Lease, which Fifth Amendment shall only become valid and enforceable, subject to the Debtor's full, complete, and timely compliance with the terms of this Stipulation.

(f) The Debtor consented to the commencement of a holdover eviction proceeding and the entry of a judgment of possession in favor of the Landlord and the issuance of a warrant of eviction, execution of which was stayed pending any uncured payment default by the Debtor under the Settlement Stipulation. A copy of the judgment of possession subsequently entered in favor of the Landlord on November 1, 2022 is attached hereto as *Exhibit "B"*.

3. The Debtor subsequently defaulted under the Settlement Stipulation and the conditionally-terminated Lease by failing to pay the Landlord amounts due under the Lease totaling $1,365,187.98 through October 2023 as required under the Settlement Stipulation. A copy of the "Five (5) Day Notice of Default", dated October 31, 2023, issued by the Landlord to the Debtor is attached hereto as *Exhibit "C"*. The Debtor failed to cure said default and, as a result, the conditional stay of execution of the warrant of eviction provided for under the Settlement Stipulation was lifted. Thereafter, the City Marshal noticed the Debtor's eviction from the Premises for November 28, 2023.

4. On November 27, 2023 (the "Petition Date") – the eve of the scheduled eviction – the Debtor commenced the instant case by filing a petition for relief under chapter 11 of the Bankruptcy Code with this Court, thereby staying execution of the warrant of eviction. As of the date hereof, no amounts have been received by the Landlord on account of any post-Petition Date base rent/use and occupancy of the Premises by the Debtor. The Landlord is not presently holding any security deposit with respect to the continued use and occupancy of the Premises by the Debtor. It is not presently clear as to whether the Debtor has secured adequate insurance coverage with respect to the Premises.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. §157(b).   Venue of this Motion is proper pursuant to 28 U.S.C. §§1408 and 1409.   The statutory predicates for the relief requested herein are §§362(d)(1) and 1112(b) of the Bankruptcy Code.

## RELIEF REQUESTED

6.     Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that:

(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1)    *for cause*, including the lack of adequate protection of an interest in property of such party in interest…

7.     The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (quoting H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300).   The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999).

8.     Turning to the instant case, the Landlord respectfully submits that an ample basis exists for a modification of the automatic stay with respect to the Landlord's interests, rights and remedies in and to the Premises.   Specifically, "cause" for relief from the automatic stay has been found to exist where no landlord-tenant relationship is in existence when the bankruptcy case

is filed.  *See* Bell v. Alden Owners, Inc., 199 B.R. 451, 458 (S.D.N.Y. 1996); In re Seven Stars Restaurant, Inc., 122 B.R. 213, 218 (Bankr. S.D.N.Y 1990); In re GSVC Restaurant Corp., 3 B.R. 491 (Bankr. S.D.N.Y. 1980); In re GSVC Restaurant Corp., 10 B.R. 300 (S.D.N.Y. 1980).  As discussed above, prior to the Petition Date, a judgment of possession was entered and a warrant of eviction was issued with respect to the Premises in favor of the Landlord and with the Debtor's consent pursuant to the Settlement Stipulation.  Notably, the Settlement Stipulation provides (at Paragraph 21 thereof, in relevant part that: "In the event either Respondent files a voluntary petition in bankruptcy, or has an involuntary petition in bankruptcy filed against such Respondent subsequent to the execution of this Stipulation, Respondents acknowledge, warrant and represent that, as of the date of this Stipulation: (a) Tenant's tenancy and/or license, including any and all legal and equitable rights thereunder, have expired and terminated, and have been surrendered to Petitioners; (b) Tenant is presently holding over with no rights of possession, whether legal or equitable, in the Premises, except as otherwise provided herein; (c) any automatic stay, pursuant to 11U.S.C. § 362, does not bar or prevent Petitioners from recovering possession of the Premises hereinafter inasmuch as Tenant has no legal or equitable interests in the Premises; and (d) because Tenant's tenancy and/or license and occupancy has been terminated and extinguished, and has been surrendered to Petitioners, a trustee-in-bankruptcy cannot assume or reject Tenant's former tenancy and/or license, pursuant to 11 U.S.C. § 365."  Put simply, neither the Debtor nor its estate have any legal or equitable right to remain in possession of the Premises. See, e.g., In the re GSVC Restaurant Corp., *supra* (holding that when tenant no longer as a legal interest in the premises, relief from stay should be granted). At most, the Debtor and its estate have a bare possessory interest with respect to the Premises which should not be permitted to preclude the

Landlord from pursuing and enforcing its interests, rights and remedies under non-bankruptcy law with respect to the Premises, including the immediate recovery of possession of the Premises.

9. Additionally, the Landlord's interests in the Premises are not adequately protected. As discussed above, the Debtor ceased making any payments to the Landlord on account of its obligations with respect to the Premises several years ago and defaulted with respect to performance of its obligations to the Landlord under the Settlement Stipulation. It has also consistently been held that "the failure to pay post-petition rent may also serve as grounds for lifting the automatic stay'" since the Landlord will not be adequately protected if the Debtor falls behind in post-petition rent. In re Sweet N Sour 7th Ave Corp., 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010) (*quoting* In re Mad Lo LLC, 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. 2009). As discussed above, as of the date hereof, the Landlord has not received any payment with respect to the post-Petition Date use and occupancy of the Premises by the Debtor and/or its estate. As further discussed above, the Landlord is not presently holding any security deposit with respect to the Premises and it is not clear as to whether or not there is currently insurance coverage in place with respect to the Premises. As a result, the Landlord's interests in the Premises are not adequately protected and are at risk.

10. Also, the commencement of a bankruptcy case in "bad faith" may serve as "cause" for relief from the automatic stay. *See*, *e.g.*, In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1313 (2d Cir. 1997); In re AMC Realty Corp., 270 B.R. 132, 141 (S.D.N.Y. 2001). Courts generally look at the "totality of the circumstances" when considering a finding of "bad faith". *See*, *e.g.*, In Re Tornheim, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999). Again, the Lease was terminated and a judgment of possession was entered and a warrant of eviction was issued with respect to the Premises in favor of the Landlord prior to the Petition Date with the Debtor's consent.

The Debtor has no meritorious grounds to resurrect the Lease nor does the Debtor have anything other than a bare possessory interests with respect to the Premises.   As such, it is apparent that the Debtor commenced this case merely for the purpose of temporarily preventing the Landlord from enforcing its rights and remedies with regard to the Premises and not to reorganize its financial affairs.   Rather, the Debtor's chapter 11 filing appears to be a mere ploy to remain in business at the Premises, rent free, for as long as possible before its inevitable eviction.   Respectfully, this Court should not condone such a filing by further precluding the Landlord from recovering possession of the Premises.

11. Accordingly, the Landlord respectfully submits that the automatic stay should be vacated as to the Landlord's interests, rights and remedies in and to the Premises so as to permit, among other things, the Landlord's immediate recovery of possession of the Premises (by way of execution of the warrant of eviction or otherwise).

12. Finally, under the facts and circumstances, including the consensual judgment of possession and warrant of eviction with respect to the Premises, the substantial amounts owed to the Landlord resulting from the Debtor's lengthy and substantial default with respect to the payment of its pre-Petition Date obligations under the Lease/Settlement Stipulation, the continuing failure to compensate the Landlord for the post-Petition Date use and occupancy of the Premises by the Debtor and/or its estate, and the possible lack of insurance coverage with respect to the Premises, the Landlord respectfully requests that the fourteen (14) day stay of the Order granting the relief sought herein provided under Bankruptcy Rule 4001(c)(3) be waived.

WHEREFORE, the Landlord respectfully requests that the Court enter an Order granting the Motion in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
December 1, 2023

           **PICK & ZABICKI LLP**
           Counsel to 55 Broadway Associates, LLC
           and EAR 55 Broadway, LLC

By:   */s/Douglas J. Pick*
       Douglas J. Pick
       369 Lexington Avenue, 12th Floor
       New York, New York 10017
       (212) 695-6000